## NOTICE: SLIP OPINION
### (not the court's final written decision)

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**MAY 4, 2023**
**In the Office of the Clerk of Court**
**WA State Court of Appeals Division III**

COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| Kyle Smith, | ) | No. 38895-6-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING MOTION |
| | ) | FOR RECONSIDERATION |
| State of Washington | ) | AND AMENDING OPINION |
| Employment Security Department, | ) | |
| | | |
| Respondent. | | |

THE COURT has considered Respondent's motion for reconsideration of our

*Smith v. State of Washington Employment Security Department* No. 38895-6-III opinion.

IT IS ORDERED, the motion for reconsideration is granted and the opinion shall

be amended as follows: The paragraph on page 1022 that reads:

> Kyle Smith principally challenges ESD commissioner's finding of fact 12. Smith claims that the finding reads that he could not identify suitable work that he could perform from home. We conclude that this finding accurately reflects the administrative hearing evidence. Smith could not identify any telework available because Boeing did not offer any telework for Smith. Nevertheless, we conclude that the ESD commissioner erred when relying on the finding. Under the governor's proclamation, Smith did not need to be actively seeking substitute work, regardless of whether the work was in person or telework.

shall be amended to read:

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38895-6-III
Page 2

Kyle Smith principally challenges ESD commissioner's finding of fact 12. Smith claims that the finding reads that he could not identify suitable work that he could perform from home. We conclude that this finding accurately reflects the administrative hearing evidence. Smith could not identify any telework available because Boeing did not offer any telework for Smith. Nevertheless, we conclude that the ESD commissioner erred when relying on the finding to determine Smith was not available for work. In doing so, the ESD commissioner necessarily imposed the requirement of actively seeking work on Smith by requiring that he identify suitable work he could have performed. Under the governor's proclamation, Smith did not need to be actively seeking substitute work, regardless of whether the work was in person or telework.

PANEL: Judges Fearing, Siddoway, Pennell

FOR THE COURT:

_____
GEORGE B. FEARING, Chief Judge

**FILED**
**MARCH 23, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| KYLE J. SMITH, | ) | |
| | ) | No. 38895-6-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF WASHINGTON, | ) | PUBLISHED OPINION |
| EMPLOYMENT SECURITY | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Respondent. | ) | |

FEARING, J. — This appeal asks whether an employee, who takes a leave of absence because of COVID-19 from work requiring a physical presence, may receive unemployment benefits. Appellant Kyle Smith temporarily left work, during the early months of the pandemic, because of an immunocompromised roommate. We hold that, despite the employee's quarantine, Smith remained available for work because he could have performed telework. We reverse the Employment Security Department's denial of unemployment benefits.

FACTS

Kyle Smith worked at Boeing as a crane operator, a position that required working on-site. Smith shared housing with an immunocompromised roommate.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38895-6-III,
*Smith v. Employment Security*

At the beginning of the COVID-19 pandemic in 2020, Kyle Smith and his roommate agreed that the roommate would locate new housing because of the roommate's susceptibility to severe complications if he contracted the COVID virus. In turn, Smith agreed to take a voluntary leave of absence from work until the roommate gained new housing.

Kyle Smith submitted an unpaid leave of absence request, which Boeing approved. Smith took formal leave on May 11, 2020. Boeing did not offer Smith alternative remote work while he quarantined. Smith returned to work on June 10, 2020, soon after his roommate vacated the shared housing.

During his leave of absence, Smith applied for unemployment benefits with the State Employment Security Department (ESD). ESD found that he was unemployed, but available for work during his leave of absence. ESD ordered approval of benefits from May 10 to June 13.

PROCEDURE

Boeing filed a challenge to ESD's award of unemployment benefits. An ESD administrative law judge (ALJ) conducted a hearing on the challenge.

During the administrative hearing, the ALJ questioned Kyle Smith:

> THE COURT: Okay. All right. So while you were on leave and filing for unemployment, um, was there any type of other job that you could do?
> MR. SMITH: Uh, there was not, Your Honor.
> THE COURT: Okay. Um, did you refuse any job offers?

2

No. 38895-6-III,
*Smith v. Employment Security*

> MR. SMITH: I did not.
> THE COURT: Were you willing to work all hours and any shifts for any jobs that you were capable of doing?
> MR. SMITH: Yes, I was.
> THE COURT: Were you in school at all during the weeks you filed for benefits?
> MR. SMITH: I was not.
> THE COURT: Did you have adequate transportation to and from a job if you were going to be offered one?
> MR. SMITH: Yes, I did, Your Honor.
> THE COURT: Great. And did you have any medical issues yourself that would, um, preclude you from working full time?
> MR. SMITH: Uh, no, Your Honor.

Administrative Record (AR) at 20.

The ALJ reversed ESD's award of unemployment benefits to Kyle Smith. The ALJ entered the following findings of fact:

> 6. Claimant's job as a crane operator had to be done in person. No telework was available.
> . . . .
> 12. Claimant testified that there was no suitable work that he could do while quarantining, as his job type required him to work in person.

AR at 68. The ALJ entered a conclusion of law that reads:

> 8. The undersigned concludes that Claimant was not available for work during weeks he applied for benefits as he could not identify any suitable work that he was available for, as he could not do his job as a crane operator from home while quarantining.

AR at 69.

Kyle Smith petitioned the ESD commissioner for review of the ALJ's decision. The commissioner adopted the ALJ's findings of fact, concluded that Smith was

3

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38895-6-III,
*Smith v. Employment Security*

unavailable for telework, and denied him unemployment benefits.

Kyle Smith appealed the ESD commissioner's decision to the Thurston County

Superior Court. The superior court transferred Smith's appeal to the Court of Appeals for

direct review under RCW 34.05.518.

LAW AND ANALYSIS

Kyle Smith argues that the ESD commissioner acted beyond its scope of authority

by placing eligibility requirements on him beyond those demanded by law when the

commissioner denied him unemployment benefits. We restate Smith's challenge as

simply being whether the commissioner erred rather than lacked authority.

Kyle Smith's right to receive unemployment benefits turns on a reading of several

statutes. Under RCW 50.20.010(1)(c):

> [a]n unemployed individual shall be eligible to receive waiting period credits or benefits with respect to any week in his or her eligibility period only if the commissioner finds that . . . [t]he individual is able to work, and *is available for work* in any trade, occupation, profession, or business for which the individual is reasonably fitted.

(Emphasis added.) Under RCW 50.20.010(1)(c)(i), an individual is considered "available

for work" if he or she is

> ready, able, and willing, immediately to accept any suitable work which may be offered to him or her and must be *actively seeking work pursuant to customary trade practices* and through other methods when so directed by the commissioner or the commissioner's agents.

(Emphasis added.) RCW 50.20.100(1) defines "suitable work factors" as:

4

No. 38895-6-III,
*Smith v. Employment Security*

is employment in an occupation in keeping with the individual's prior work experience, education, or training and if the individual has no prior work experience, special education, or training for employment available in the general area, then employment which the individual would have the physical and mental ability to perform.

Despite highlighting portions of two of the statutes, we observe that, because of the pandemic, the Washington State governor suspended the provisions. Governor Jay Inslee, on March 25, 2020, suspended RCW 50.20.010(1)(c)'s requirement of actively seeking employment. Governor's Proclamation 20-30 (2020) read in part:

> **WHEREAS,** requiring unemployed Washington workers to search for work in order to maintain unemployment benefit eligibility is counterproductive to the state's efforts to slow the spread of COVID-19, and can be futile given the economic slowdown and reduction in business activity; and
> **WHEREAS,** the worldwide COVID-19 pandemic and its progression in Washington State continues to threaten the life and health of our people as well as the economy of Washington State, and remains a public disaster affecting life, health, property or the public peace; and
> **NOW, THEREFORE**, I, Jay Inslee, Governor of the state of Washington, as a result of the above-noted situation, and under Chapters 38.08, 38.52 and 43.06 RCW, do hereby proclaim that a State of Emergency continues to exist [and] . . . that Proclamation 20-05 is amended to waive or suspend specified statutes that prevent, hinder or delay necessary action by the Washington State Employment Security Department in providing unemployment compensation to the significant number people in Washington State suffering from layoffs resulting from the economic downturn caused by the COVID-19 pandemic. . . .
> **FURTHERMORE,** based on the above situation and under the provisions of RCW 43.06.220(2)(g), I also find that strict compliance with the following statutory obligations or limitations will prevent, hinder or delay necessary action by the Washington State Employment Security Department in providing unemployment compensation to the significant number of people in Washington State suffering from layoffs resulting from the economic downturn caused by the COVID-19 pandemic, and that, for

5

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38895-6-III,
*Smith v. Employment Security*

> claims filed on or after March 8, 2020, the following specific statutory provisions are hereby waived and suspended until midnight on April 24, 2020:
>> 1. RCW 50.20.010(1)(c)(i) – the following language only: "and must be actively seeking work pursuant to customary trade practices and through other methods when so directed by the commissioner or the commissioner's agents;" and
>> 2. RCW 50.20.240 – in its entirety.

Proclamation by Governor Jay Inslee, No. 20-30 (Wash. Mar. 25, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-30%20COVID-19%20-%20ESD-Job%20Requirements%20%28tmp%29.pdf. On July 4, 2021, Governor Inslee terminated the suspension of the requirement of actively seeking work. Proclamation by Governor Jay Inslee, No. 20-30.12 (Wash. June 21, 2021), https://www.governor.wa.gov/sites/default/files/proclamations/proc_20-30.12.pdf.

Kyle Smith principally challenges ESD commissioner's finding of fact 12. Smith claims that the finding reads that he could not identify suitable work that he could perform from home. We conclude that this finding accurately reflects the administrative hearing evidence. Smith could not identify any telework available because Boeing did not offer any telework for Smith. Nevertheless, we conclude that the ESD commissioner erred when relying on the finding. Under the governor's proclamation, Smith did not need to be actively seeking substitute work, regardless of whether the work was in person or telework.

6

No. 38895-6-III,
*Smith v. Employment Security*

We grant relief from an agency order if it is based on an erroneous interpretation or application of the law. RCW 34.05.570(3)(d); *Hamel v. Employment Security Department*, 93 Wn. App. 140, 144, 966 P.2d 1282 (1998). The ESD commissioner failed to properly apply Governor's Proclamation 20-30.

RCW 50.20.010(4) confirms the state government's intent to provide unemployment benefits to workers caught in the COVID-19 pandemic. The Washington Legislature passed RCW 50.20.010(4) into law on January 27, 2021, and the bill became effective on February 8, 2021. This statutory subsection declares in relevant part:

> During the weeks of a public health emergency, an unemployed individual may also meet the requirements of subsection (1)(c) of this section if:
> (a) The unemployed individual is able to perform, available to perform, and actively seeking suitable work which can be performed for an employer from the individual's home; and
> (b) The unemployed individual or another individual residing with the unemployed individual is at higher risk of severe illness or death from the disease that is the subject of the public health emergency because the higher risk individual:
> . . . .
> (ii) Has an underlying health condition, verified as required by the department by rule, that is identified as a risk factor for the disease that is the subject of the public health emergency by:
> (A) The federal centers for disease control and prevention;
> (B) The department of health; or
> (C) The equivalent agency in the state where the individual resides.

ESD contends that the 2021 statute should not be applied retroactively. Kyle Smith asks us to apply the statute retroactively. Because we may resolve this appeal on other grounds, we do not perform a retroactivity analysis.

7

No. 38895-6-III,
*Smith v. Employment Security*

CONCLUSION

We reverse the ESD commissioner's denial of unemployment benefits to Kyle

Smith.  We award Smith benefits from May 10 to June 13, 2020.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Pennell, J.

8